UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON P. CLARK,

    Plaintiff,

v.                                                    CASE NO. 3:14-cv-1288-J-34JBT

KENNETH GRAY d/b/a BAR B
TAVERN, a Florida for profit corporation,
and QUACH CANG CHI, an individual,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*. For the reasons set forth herein, the undersigned respectfully recommends that Plaintiff's claims against Defendant Kenneth Gray d/b/a Bar B Tavern be **DISMISSED without prejudice**.

On February 25, 2015, the Court entered an Order (Doc. 13) denying Plaintiff's Verified Motion for Entry of Clerk's Default Judgment Against Defendant Kenneth Gray d/b/a Bar B Tavern (Doc. 12)[2] without prejudice. The Order further provided that:

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Despite the title of the Motion, Plaintiff actually sought entry of a Clerk's default, not default judgment.

> 2. If Plaintiff determines that service on Defendant Kenneth Gray d/b/a Bar B Tavern was proper, **on or before March 11, 2015**, Plaintiff shall file sufficient proof of service that shows that proper service was made and file a corresponding new motion for entry of default.
>
> 3. If Plaintiff determines that service on Defendant was defective or incomplete, Plaintiff shall request that the Clerk issue an alias summons, if needed, which the Clerk is directed to issue. In addition, **on or before April 13, 2015**, Plaintiff shall properly serve Defendant and file sufficient proof of same.

(Doc. 13 at 2–3 (footnote omitted).)

Plaintiff did not request an alias summons or file anything in response to this Order. The Court subsequently entered an Order directing Plaintiff to, on or before May 4, 2015, show cause in writing why the claims against Defendant Kenneth Gray d/b/a Bar B Tavern should not be dismissed without prejudice for failure to prosecute pursuant to Local Rule 3.10(a). (Doc. 14.) The Order provided that "[f]ailure to comply" may result in a recommendation to the District Judge that the claims against Defendant Kenneth Gray d/b/a Bar B Tavern be dismissed without prejudice. (*Id.* at 2.) To date, Plaintiff has not filed anything in response.[3]

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's claims against Defendant Kenneth Gray d/b/a Bar B Tavern be **DISMISSED without prejudice** for failure to prosecute pursuant to Local Rule

---

[3] Plaintiff did file a document titled "Plaintiff's Response to Orders to Show Cause" on May 4, 2015, but the document was incorrectly filed as it addressed a different case. (*See* Doc. 15.)

3.10(a).

**DONE AND ENTERED** at Jacksonville, Florida, on May 12, 2015.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of Record

Pro Se Party